

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-13-00285-CR

___

SHON MONROE RAINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 24,083-C, Honorable Ana Estevez, Presiding

___

October 17, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Shon Monroe Rains, appeals his conviction by jury for the offense of unlawful possession of a firearm by a felon,[1] and sentence of fourteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice,[2] and $250 fine. We will affirm.

___

[1] *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

[2] The indictment alleged that appellant had been previously convicted of felony possession of a controlled substance with intent to deliver. At trial, appellant pled true to this punishment enhancement

Appellant and his friend, Mariah McMillan-Luedke, resided together in a trailer home. Around December 31, 2012, Luedke bought a pink camouflage rifle. At some point thereafter, Luedke brought the rifle to the trailer. According to Luedke, appellant got upset about the rifle being in the trailer since, as a felon, he was not permitted to legally possess a firearm. As a result of their argument, on January 14, 2013, Luedke took the rifle into the kitchen area of the trailer with the intention of taking the rifle out of the trailer that night when she left. However, she forgot the rifle when she left. Luedke left around 10 or 11 p.m., and stayed the night elsewhere.

Kimberly McAnally, a friend of appellant, stayed overnight at the trailer on January 14. She did not see Luedke on that night, but she did see the rifle "[l]aying longways on the ground by the kitchen table" around 11 p.m. or midnight. As a convicted felon herself, McAnally denied ever possessing or handling the rifle.

In the morning of January 15, deputies from the Randall County's Sheriff's Department went to the trailer to serve an arrest warrant on appellant for a separate charge. After an officer knocked on the front door and announced the sheriffs' presence, the back door of the trailer slammed shut and then immediately sprang open. The officers at the back of the trailer saw McAnally and appellant in the kitchen area of the trailer through the open door. Officers ordered appellant out of the residence, he complied, and was placed under arrest.

---

allegation, and he raises no issue on appeal relating to this punishment enhancement allegation. *See id.* § 12.42(a) (West Supp. 2014).

After appellant was secured, officers entered the residence while McAnally went to get her identification. While the officers awaited McAnally's return, one of the officers noticed the pink rifle "leaning up against the kitchen cabinets" about two feet from where appellant was initially seen. Officers took photographs of the position of the rifle and then seized the rifle.

On February 6, 2013, appellant was indicted for unlawful possession of a firearm by a felon. The indictment also included an enhancement paragraph alleging that appellant had been previously convicted of the offense of possession of a controlled substance with intent to deliver. A jury trial was held on August 19-21. The jury found appellant guilty of the indicted offense and sentenced appellant to fourteen years incarceration and a $250 fine. Appellant timely filed a motion for new trial that was overruled by operation of law. Appellant timely filed notice of appeal.

By three issues, appellant appeals. By his first issue, appellant contends that the evidence is insufficient to establish appellant's possession of the rifle. By his second issue, appellant contends that the jury charge authorized the jury to convict appellant based on the result of his conduct when the charged offense is a nature of conduct offense. Finally, by his third issue, appellant contends that the jury charge error allowed the jury to convict appellant without being unanimous.

## Sufficiency of the Evidence

By his first issue, appellant contends that the evidence was insufficient to establish that appellant possessed the rifle. Specifically, appellant contends that the

3

evidence did not show enough affirmative links between appellant and the rifle to establish his possession of the rifle.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

To prove the offense of possession of a firearm by a felon, the State was required to prove that appellant: (1) exercised care, control, or custody over the firearm; (2) was conscious of his connection to the firearm; and (3) knowingly possessed the firearm. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc).

4

An accused's knowing possession of a firearm can be established by evidence which affirmatively links him to the firearm. *See id.* The evidence must rise to the level that the connection between the firearm and the accused is more than just fortuitous. *See id.*

> A nonexclusive list of factors that may establish a link between a defendant and firearms found inside a house which was not in the defendant's exclusive control includes whether: (1) the defendant was present at the time of the search; (2) the defendant was the owner of or had the right to control the location where the firearm was found; (3) the firearm was in plain view; (4) the defendant was in close proximity to and had access to the firearm; (5) firearms or other contraband was found on the defendant; (6) the defendant attempted to flee; (7) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (8) the defendant had a special connection or relationship to the firearm; (9) the place where the firearm was found was enclosed; and (10) affirmative statements connected the defendant to the firearm, including incriminating statements made by the defendant when arrested.

*Jones v. State*, 338 S.W.3d 725, 742 (Tex. App.—Houston [1st Dist.] 2011) (op. on reh'g), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012).

In the present case, McAnally testified that she and appellant stayed the night in the trailer on January 14, 2013. Her testimony was that she saw the rifle laying "longways on the ground by the kitchen table," Luedke was not at the trailer after McAnally arrived around 11 p.m. on January 14, and McAnally never touched the rifle. When officers entered the trailer in the morning of January 15, they discovered the rifle leaning up against the kitchen cabinet and within arm's reach of where appellant was standing when he was first seen. Thus, the evidence would allow a reasonable jury to conclude that, at a minimum, appellant picked the rifle up from the ground and leaned it up against the kitchen cabinets. In order to do so, appellant had to have exercised

some degree of care, custody, and control over the rifle. His connection to the rifle would have been conscious since, presumably, he moved the rifle out of safety concerns. Finally, this evidence is sufficient to establish that appellant's possession of the rifle was knowing, regardless of any analysis of the presence of affirmative links. This is because the evidence in this case directly establishes that appellant knowingly possessed the rifle and, therefore, establishing that appellant constructively possessed the rifle due to the presence of affirmative links between him and the rifle is unnecessary. After reviewing this evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to allow a rational trier of fact to have found the essential elements of the offense of unlawful possession of a firearm by a felon beyond a reasonable doubt.[3] *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912.

Because the evidence is sufficient to support appellant's conviction for possession of a firearm by a felon, we overrule appellant's first issue.

Result of Conduct

Appellant's second issue contends that the jury charge authorized the jury to convict appellant based on the result of his conduct when the charged offense is a nature of conduct offense. His third issue contends that this claimed jury charge error allowed the jury to convict appellant without being unanimous. Because these two issues rely on the same premise—specifically, that the jury charge authorized the jury to

---

[3] While the evidence is sufficient to establish that appellant possessed the rifle, whether evidence of this possession should have led to the exercise of prosecutorial discretion in charging appellant is not before this Court. *See Garrett v. State*, No. 05-99-00242-CR, 2000 Tex. App. LEXIS 511, at *11 (Tex. App.—Dallas Jan. 24, 2000, pet. ref'd).

6

convict appellant based on the result of his conduct—we will address these issues together.

Appellant contends that the evidence that appellant picked the rifle up from its position lying on the ground by the kitchen table and moved it to a position leaning against the kitchen cabinets is based on the result of appellant's conduct. As such, appellant contends that this evidence does not provide a proper basis upon which to convict appellant. The act that is criminalized in the offense of unlawful possession of a firearm by a felon is possession. *See Brown*, 911 S.W.2d at 747. The jury charge in this case authorized the jury to convict appellant for intentionally or knowingly possessing the rifle. This is proper. The jury was not authorized to convict appellant for placing the rifle where he placed it, the result of his possession, but rather the jury was authorized to convict appellant for possessing the rifle. As addressed above, the evidence was sufficient to allow a rational jury to conclude that appellant possessed the rifle, at a minimum, while he moved it from the floor to its position leaning against the kitchen cabinet. That the result of appellant's possession was some evidence of appellant's possession does not change the fact that the jury charge properly required the jury to find that appellant "intentionally or knowingly possess[ed] a firearm . . . ."

Because the jury charge did not authorize the jury to convict appellant of possession of a firearm based on the result of his conduct, we overrule appellant's second and third issues.

## Conclusion

Having overruled each of appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.